

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0471-23

**JOHN PAUL CRUMLEY, Appellant**

**V.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**NEWELL, J., filed a concurring opinion in which HERVEY, RICHARDSON and WALKER, JJ., joined.**

I agree with the Court's conclusion that Appellant did not

sufficiently establish that his autism rebutted the State's evidence of the

requisite *mens rea* for the offense.[1]  That is not to say, however, that

---

[1] *Ruffin v. State*, 270 S.W.3d 586, 588 (Tex. Crim. App. 2008) (holding "both lay and expert testimony of a mental disease or defect that directly rebuts the particular *mens rea* necessary

evidence of autism, including the type of autism attributed to Appellant, could never rebut the requisite *mens rea* for this or other offenses. It is enough to say that in this case, the Appellant never proffered testimony explaining how autism could have caused him to misperceive the age of the person he was communicating with. Without such testimony, the trial court did not abuse its discretion in excluding the evidence of Appellant's autism. To the extent that the Court goes further than that, I do not join that aspect of the opinion.

With these thoughts, I concur.

Filed: August 21, 2024

Publish

---

for the charged offense is relevant and admissible unless excluded under a specific evidentiary rule").